**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF** | **6500 Cherrywood Lane** |
| **TIMOTHY J. SULLIVAN** | **Greenbelt, Maryland 20770** |
| **CHIEF MAGISTRATE JUDGE** | **Telephone: (301) 344-3593** |

June 26, 2024

LETTER TO COUNSEL:

      RE:   *Kimberly P. v. Martin O'Malley, Comm'r of Social Security*[1]
             Civil No. TJS-23-1368

Dear Counsel:

      On May 24, 2023, Plaintiff Kimberly P. petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 11 & 16. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[2] Having considered the parties' submissions, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). I will deny both motions and remand the case for further proceedings. This letter explains my rationale.

      Kimberly P. filed her application for DIB on September 14, 2017. Tr. 164-65. She alleged a disability onset date of July 1, 2012. *Id.* Her application was denied initially and upon reconsideration. Tr. 64-88. At her request, a hearing was held before an Administrative Law Judge ("ALJ"), and the ALJ issued a written decision denying her claim for disability. Tr. 12-29. She appealed the ALJ's decision to this Court, and the Court remanded the case to the agency for further proceedings, with the defendant's consent. ECF No. 1029. On remand, the ALJ held another hearing, and on May 26, 2022, issued a written decision finding that Kimberly P. is not disabled. Tr. 888-915. The Appeals Council denied Kimberly P.'s request for review, making the ALJ's May 26, 2022 decision the final, reviewable decision of the agency. Tr. 881-84.

      The ALJ evaluated Kimberly P.'s claim for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. At step one, the ALJ found that Kimberly P. had not engaged in substantial gainful activity from July 1, 2012 (the alleged onset date) through December 31, 2016 (her date last insured). Tr. 894. At step two, the ALJ found that Kimberly P. suffered from the following severe impairments: schizoaffective disorder, bipolar type; obesity;

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Martin O'Malley is substituted for Kilolo Kijakazi as the defendant in this case.

[2] This case was previously assigned to Judge Hurson, and then reassigned to Judge Austin. It was reassigned to me on March 29, 2024.

migraine headaches; degenerative disc disease of the lumbosacral spine with history of prior fusion and revision surgery in 2009-10; history of sarcoidosis of the lung; history of supraventricular tachycardia (SVT) hypotension; esophagitis and stricture esophagitis with gastritis; liver cyst; and allergic rhinitis. *Id.* At step three, the ALJ found Kimberly P.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment under 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 895. The ALJ determined that through the date last insured, Kimberly P. retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant could occasionally climb ramps and stairs, occasionally stoop, crouch, and kneel but could never climb ladders, ropes or scaffolds and never crawl. The claimant could balance on even surfaces, but had to avoid walking, standing, and crouching upon very narrow, slipper, or erratically moving surfaces. The claimant was capable of tolerating occasional exposure to extreme cold, extreme hot, humidity, loud and very loud noise (as defined in *Dictionary of Occupational Titles* (DOT)), vibration, concentrated respiratory irritants such as fumes, odors, dust, gases, and poorly ventilated areas, and hazards of unprotected heights and dangerous unguarded machinery. The claimant could tolerate occasional interaction with coworkers and the general public. She was not capable of sustaining work requiring a specific production rate such as assembly line work or work that requires hourly quotas. The claimant was capable of using judgment to make simple work-related decisions, dealing with occasional changes in the work setting, and understanding, remembering and carrying out simple instructions and could perform tasks on a regular and sustained basis to complete a normal workday and workweek.

Tr. 899.

At step four, the ALJ determined that Kimberly P. could not perform any past relevant work through the date last insured. Tr. 906. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that through the date last insured, jobs existed in significant numbers in the national economy that Kimberly P. could perform, including cafeteria attendant, office helper, and stuffer, textile industry. Tr. 907. Accordingly, the ALJ found that Kimberly P. was not disabled from July 1, 2012, through December 31, 2016, under the Social Security Act. *Id.*

Kimberly P. argues that the ALJ failed to employ the correct legal standards in assessing her RFC, and that the decision is therefore not supported by substantial evidence. ECF No. 11 at 8-18.

A claimant's RFC represents the most they can still do despite their limitations. 20 C.F.R. § 404.1545(a). "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 SSR LEXIS 5, *1 (July 2, 1996). A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* When evaluating a claimant's RFC, an ALJ must include a narrative discussion describing the evidence that supports it. *Dowling v. Comm'r, Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). In doing so, an ALJ must consider all of a

claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019), *as amended* (Feb. 22, 2019) (internal quotation marks and citation omitted). The narrative discussion must show "how the evidence supports each conclusion." SSR 96-8p, 1996 WL 374184, at *7. Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding on the claimant's RFC. *Id.*; *Thomas*, 916 F.3d at 311 ("Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion."). An ALJ need not mention every piece of evidence, so long as she builds a logical bridge from the evidence to her conclusion. *Reid v. Comm'r of Soc. Sec.*, 769 F.3d 861, 865 (4th Cir. 2014).

Kimberly P. argues that the ALJ failed to perform a function-by-function assessment of her work-related functions, as required by 20 C.F.R. § 404.1545. ECF No. 11 at 12. She notes that while the ALJ determined that she could perform light work as defined in 20 C.F.R. § 404.1567(b), the ALJ did not discuss her ability to perform the functions involved in light work as defined by the regulations (lifting, carrying, walking, standing, sitting, pushing, and pulling). *Id.* at 12-13. She also states that the ALJ addressed her ability to perform nonexertional functions (climbing, crouching, crawling, and balancing) that are not included in the definition of light work. *Id.* at 13. Because the ALJ did not perform a function-by-function assessment of the functions involved in light work, Kimberly P. argues that the RFC determination is "materially incomplete." *Id.* Rather than performing a function-by-function analysis to determine her RFC, Kimberly P. argues, the ALJ "decided that she would evaluate Plaintiff's symptoms and let that evaluation guide her determination." *Id.* at 14. But conducting a "symptom-based analysis and not a function-by-function analysis" is not what the regulations require. *Id.* Kimberly P. correctly notes that while her "symptoms are relevant to the RFC evaluation, [] an RFC assessment is a 'separate and distinct inquiry from a symptom evaluation.'" *Id.* at 16 (quoting *Dowling*, 986 F.3d at 387).

The Court is persuaded by Kimberly P.'s argument. While the ALJ conducted a thorough review of the claimant's symptoms, the ALJ failed to explain how those symptoms translated into the functional limitations set forth in the RFC assessment. The ALJ's symptom-based analysis in this case is analogous to those that other judges have rejected. *See Nicole C. v. Kijakazi*, No. JMC-22-2123, 2023 WL 4027481 (D. Md. June 15, 2023); *Henderson v. Kijakazi*, No. AAQ-20-3346, 2022 WL 1555408 (D. Md. May 17, 2022); *Nancy G. v. Kijakazi*, No. GLS-20-3440, 2022 WL 363824 (D. Md. Feb. 4, 2022). The Court rejects the Commissioner's contention that Kimberly P.'s argument must fail because she does not point to evidence that would lead to a more restrictive RFC. ECF No. 16 at 6. The ALJ's failure to follow the function-by-function framework frustrates the Court's ability to conduct the required review. The Court cannot, as the Commissioner implies, simply assume that the ALJ's RFC is supported by substantial evidence unless the claimant proves otherwise. While the Fourth Circuit has rejected a per se rule that an ALJ's failure to perform the function-by-function analysis requires remand, remand is nonetheless appropriate when the ALJ's analysis is so deficient as to frustrate meaningful review. *See Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015). In this case, the ALJ's explanation for the limitations set forth in the RFC is too general to provide a sufficient explanation, especially considering the claimant's many severe impairments. Because the ALJ's analysis lacks the logical bridge between the claimant's symptoms and limitations that the function-by-function assessment provides, the Court cannot find that the RFC determination is supported by substantial evidence. The Court expresses no opinion on the ultimate issue of Kimberly P.'s disability.

For the reasons set forth herein, both parties' motions for summary judgment (ECF Nos. 11 & 16) are **DENIED**. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is **REVERSED IN PART** due to inadequate analysis. The case is **REMANDED** for further proceedings in accordance with this opinion. The Clerk is directed to **CLOSE** this case.

Sincerely yours,

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge